Floyd W. Bybee, #012651
Law Office of Floyd W. Bybee, PLLC
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-5530
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Dorothy Isham; and<br>George H. Isham; wife and husband,<br><br>     Plaintiffs,<br><br>v.<br><br>National Enterprise Systems, Inc.,<br>an Ohio corporation;<br><br>     Defendant. | No.<br><br><br>COMPLAINT<br><br><br><br><br><br>(Jury Trial Demanded) |

Plaintiffs allege as follows:

## I.  Preliminary Statement

1. Plaintiffs bring this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter "FDCPA"), and for state law claims for unreasonable debt collection and invasion of privacy.  In the course of attempting to collect a debt allegedly owed by Plaintiffs, Defendant engaged in deceptive, unfair and abusive debt collection practices in

1  violation of the FDCPA, and took actions which constitute
2  unreasonable debt collection and invasion of privacy under the doctrine
3  enunciated in <u>Fernandez v. United Acceptance Corporation</u>, 610 P.2d
4  461 (Ariz. App. 1980).  Plaintiffs seek to recover actual damages, and
5  statutory damages, punitive damages, as well as reasonable attorney's
6  fees and costs.

## II. Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt.  FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce or the mails in any business

|   |   |   |
|---|---|---|
| 1 |    | the principal purpose of which is the collection of any debts, or who |
| 2 |    | regularly collects or attempts to collect, directly or indirectly, debts |
| 3 |    | owed or due or asserted to be owed or due to another.  FDCPA § |
| 4 |    | 1692a(6). |
| 5 | 7. | Any debt collector who fails to comply with the provisions of the |
| 6 |    | FDCPA is liable for any actual damage sustained; statutory damages |
| 7 |    | up to $1,000; attorney's fees as determined by the Court and costs of |
| 8 |    | the action. FDCPA § 1692k. |

III.  Jurisdiction

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. §1337. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

IV.  Parties

9. Plaintiffs are individuals and residents of Maricopa County, Arizona.
10. Plaintiffs are allegedly obligated to pay a consumer debt.
11. Plaintiffs are "consumers" as defined by FDCPA § 1692a(3).
12. Defendant National Enterprise Systems, Inc. (hereinafter "NES") is an Ohio corporation doing business within the State of Arizona.
13. NES is licensed by the Arizona Department of Financial Institutions as a collection agency, license number 0903433.
14. NES regularly collects or attempts to collect debts owed or asserted to be owed or due another.
15. NES regularly collects or attempts to collect debts which it has purchased after default.

16. NES is a "debt collector" as defined by FDCPA § 1692a(6).

V.  Factual Allegations

17. Several years prior, Plaintiff Dorothy Isham opened and used a credit card issued by Bank of America.

18. Dorothy used the credit card for personal, family, and household purposes.

19. In or about December 2006, someone other than Plaintiffs ordered a new credit card on Dorothy's account and used it for purchases totaling $15,000.

20. Upon receipt of the first billing statement from Bank of America, Plaintiffs notified Bank of America of the unauthorized and illegal charges made to her account.

21. Despite Plaintiffs' repeated disputes to Bank of America, Bank of America continued to attempt to collect the credit card balance from Plaintiffs.

22. Plaintiffs also filed a police report with the Phoenix Police Department concerning the illegal use of her credit card account.

23. Plaintiffs wrote Bank of America numerous times notifying it of the dispute, giving it the Police Report number, and requesting that Bank of America provide them with copies of all records associated with the disputed and illegal charges made to her account.

24. Bank of America never provided Plaintiffs with any documentation concerning the disputed and illegal charges made to the account, but rather assigned the account to NES for collection purposes.

25. NES sent Plaintiffs a collection letter dated February 8, 2008

concerning the collection of the alleged Bank of America debt.

26. NES also began a campaign of harassing phone calls to Plaintiffs and her family in an attempt to collect on the Bank of America account.

27. During these calls to Plaintiffs, NES through its collectors refused to properly identify itself, falsely represented itself as "Bank of America," threatened Plaintiffs that they would go to jail, called Plaintiffs derogatory and insulting names, yelled and screamed at Plaintiffs, and otherwise harassed Plaintiffs.

28. During a call that Plaintiff George Isham answered, the NES collector asked him whether he was a gambler, and then told him that "we know you are guilty because you are breathing hard."

29. The NES collector also told George that his wife was a "shopaholic" and a "credit card freak," and that he did not know her, implying that Dorothy had incurred the debt behind his back, and that she was now trying to get out of paying it.

30. The NES collector also rudely asked George "do you know what credit cards your wife has?," again implying that Dorothy had incurred the Bank of America debt behind her husband's back, and that she was now trying to get out of paying it.

31. On February 25, 2008 at approximately 8:15 a.m., NES's collector, Kathy Allen, telephoned Dorothy concerning the Bank of America account.

32. When Dorothy asked her how to spell her last name, Allen hung up.

33. On that same day, at approximately 2:13 p.m., NES telephoned Dorothy concerning the Bank of America account.

34. The NES collector refused to identify himself or give Dorothy a phone number.
35. The NES collector told Dorothy to "Shut up! You shut up right now!" and demanded that Dorothy "go get her check book" and give him a check number.
36. The NES collector also rudely told Dorothy that he will see her in court, and that she needed to grow up and pay her bills.
37. Again, on February 25, 2008 at approximately 2:37 p.m., NES telephoned Dorothy for the third time that day concerning the Bank of America account.
38. The collector refused to give Dorothy a name or phone number and hung up.
39. On February 28, 2008 Dorothy received a call from a NES collector threatening her that legal action would begin in March, and that she needed to get an attorney.
40. On February 29, 2008, NES telephoned Dorothy at approximately 8:00 a.m., and woke her.
41. The NES collector was very rude and nasty to Dorothy.
42. Later on February 29, 2008, NES telephoned Dorothy numerous times at her home when she had family and friends over for a weekly Bible study.
43. During the first call, which came at approximately 11:00 a.m., the NES collector was so rude and abusive to Dorothy that her daughter and friends could see that she was physically upset from the conversation.
44. The second call on February 29, 2008 came at approximately 11:25

1 | a.m.
2 | 45. This call was answered by Plaintiffs' daughter, Diane Vasquez.
3 | 46. The NES collector asked to speak with Dorothy, but Diane told him that she was not feeling well, and asked what the call was about.
5 | 47. The NES collector told Diane that the call concerned a "legal matter" and "a credit card that [Dorothy] owes on."
7 | 48. The NES collector also told Diane and threatened that "well, she is going to feel a lot worse by the time this is over."
9 | 49. The NES collector then hung up.
10 | 50. The third call came a few minutes later a approximately 11:30 a.m., but the caller hung up immediately after it was answered.
12 | 51. At approximately 11:45 a.m., NES called a fourth time.
13 | 52. When the NES collector asked for Dorothy, Diane asked him whether the call was about the credit card.
15 | 53. The NES collector said that it was, and asked Diane who she was.
16 | 54. While Diane started to explain that she was Plaintiffs' daughter, a woman from NES got on the line and screamed "who is this?"
18 | 55. When Diane asked who she was, the NES collector hung up.
19 | 56. During the time these calls were coming in, Dorothy and her guests could hear what was being said to Diane by the NES collectors.
21 | 57. Dorothy became so distraught and embarrassed, and humiliated, she felt very ill and had to lay down.
23 | 58. NES also telephoned Plaintiffs four more times on February 29, 2008, for a total of nine (9) calls.
25 | 59. The sixth call came at approximately 2:00 p.m., and the seventh at

- 7 -

1 | 2:23 p.m.
2 | 60. At approximately 2:25 p.m., the NES collector told Dorothy that she was going to court and that she was going to prison because "this was a felony."
5 | 61. At approximately 2:40 p.m., the NES collector told Dorothy that the call was from Joshua James's office, implying that it was a lawyer's office, and that they would be sending the file out for further collections.
9 | 62. On March 1, 2008 at approximately 9:00 a.m., NES telephoned Dorothy again concerning the Bank of America account.
11 | 63. The NES collector stated that the call was from the legal department and that the case was going to court.
13 | 64. On March 3, 2008, NES called Dorothy again concerning the Bank of America account.
15 | 65. The NES collector asked Dorothy is she had a lawyer, and stated that he thought she had a lawyer.
17 | 66. NES's illegal actions caused Plaintiffs to believe that they were going to be sued on the Bank of America debt.
19 | 67. NES's actions also caused Dorothy to believe that she might be arrested and charged with a crime because she had failed to pay off the Bank of America debt.
22 | 68. As a result of Defendant's outrageous actions as outlined above, Plaintiffs have suffered damages including, but not limited to, extreme emotional distress, embarrassment, humiliation, family strife and conflict, anger, sleeplessness, upset stomach, headaches, inability to

1    concentrate, loss of enjoyment of life, and other severe emotional
2    distress.
3  69.  Defendant's actions taken here were intentional, willful, and in gross
4       or reckless disregard of Plaintiffs' rights and part of its persistent and
5       routine practice of debt collection.
6  70.  In the alternative, Defendant's actions were negligent.

### VI. Causes of Action

#### a. Fair Debt Collection Practices Act

9  71.  Plaintiffs repeat, reallege, and incorporate by reference the foregoing
10      paragraphs.
11 72.  Defendant's violations of the FDCPA include, but are not necessarily
12      limited to, 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692d, 1692d(2),
13      1692d(5), 1692d(6), 1692e, 1692e(3), 1692d(4), 1692e(5), 1692e(7), and
14      1692e(10).
15 73.  As a direct result and proximate cause of Defendant's actions in
16      violation of the FDCPA, Plaintiffs have suffered actual damages.

#### b. Invasion of Privacy

19 74.  Plaintiffs repeat, reallege, and incorporate by reference the foregoing
20      paragraphs.
21 75.  Defendant's actions constitute unreasonable debt collection and an
22      invasion of Plaintiffs' privacy pursuant to the doctrine enunciated in
23      <u>Fernandez v. United Acceptance Corporation</u>, 610 P.2d 461 (Ariz. App.
24      1980).
25 76.  As a direct result and proximate cause of Defendant's actions,

1 | Plaintiffs have suffered actual damages for which Defendant is liable.

## VII.  Demand for Jury Trial

Plaintiffs hereby demand a jury trial on all issues so triable.

## VIII.  Prayer for Relief

WHEREFORE, Plaintiffs request that judgment be entered against Defendant for:

a) Statutory damages of $1,000 for each Plaintiff pursuant to §1692k;

b) Actual damages in an amount to be determined by trial;

c) Punitive damages in an amount to be determined at trial;

d) Costs and reasonable attorney's fees pursuant to §1692k; and

e) Such other relief as may be just and proper.

DATED   April 16, 2008  .

 s/ Floyd W. Bybee
Floyd W. Bybee, #012651
Law Office of Floyd W. Bybee, PLLC
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-5530
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs